On appellant's petition for reconsideration filed July 27, reconsideration allowed;
former opinion (244 Or App 289, 260 P3d 637) modified and adhered to as
modified September 8, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DYLAN BAXTER FORD,
*Defendant-Appellant.*

Columbia County Circuit Court
086002; A142212

263 P3d 1110

Andy Simrin and Andy Simrin PC for petition.

Before Ortega, Presiding Judge, and Brewer, Chief Judge,
and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant petitions for reconsideration of our opinion in *State v. Ford*, 244 Or App 289, 260 P3d 637 (2011). In that case, defendant appealed a judgment of conviction for two counts of third-degree sexual abuse. ORS 163.415. Defendant assigned error to the trial court's denial of his motion to suppress incriminating statements made after he was stopped and questioned by police. We determined that the statements were made in compelling circumstances and in the absence of *Miranda* warnings, and thus were obtained contrary to Article I, section 12, of the Oregon Constitution. We reversed the judgment because the trial court erred in failing to grant defendant's motion to suppress.

Defendant raised two other assignments of error. We noted that "we need not address those claims, because we conclude that defendant's first assignment of error [the claimed error on the motion to suppress] provides grounds for reversal." *Ford*, 244 Or App at 291 n 1. Defendant argues that the reversal of the judgment did not obviate the need to decide one of the remaining assignments of error—that the trial court erred in failing to grant a motion for judgment of acquittal on one of the counts *sua sponte*. We agree, and grant reconsideration to determine the merits of that assignment of error.

With respect to that assignment, defendant contends that the only evidence adduced to support one of the counts of sexual assault was his admissions to the police. Consequently, he claims that the evidence was insufficient to support the conviction under ORS 136.425. At the time of the crime, that statute provided that a confession is not "sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed." Defendant, however, did not move for a judgment of acquittal or challenge the sufficiency of the state's evidence in any other way. The trial court had no duty to rule, *sua sponte*, on the sufficiency of the state's evidence. Thus, there was no error.

Reconsideration allowed; former opinion modified and adhered to as modified.